# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MANUEL WILLIAMS,

    Petitioner,

    v.                                                               Case No. 13-CV-825

TIM HAINES

    Respondent.

## DECISION AND ORDER

On July 22, 2013, the petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted after entering a guilty plea to possession of a firearm as a repeat offender. The Circuit Court for Milwaukee County, Wisconsin entered the judgment of conviction on September 8, 2010.

The petitioner challenges the judgment of conviction on the following grounds: 1) the petitioner's Fourth Amendment protection against unreasonable searches and seizures was violated because the police officers did not have a reasonable suspicion to justify stopping or detaining him; 2) the Wisconsin Court of Appeals erred in affirming the trial court's denial of the petitioner's motion to suppress.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28

1

U.S.C. § 636(b)(1)(B) and General Local Rule 72(a) (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

A preliminary examination of the petition was conducted in accordance with Rule 4 of the Rules Governing § 2254 Cases. By order filed September 4, 2013, this court determined that "it does not plainly appear from the 'face of the petition' that the petitioner is not entitled to relief." Thus, this court ordered the respondent, Tim Haines, to answer the petition for a writ of habeas corpus. The respondent answered the petition. Subsequently, the parties briefed the petition which is ready for disposition and will be addressed herein.

## APPLICABLE LAW

The habeas corpus statute was amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 100 Stat. 1214 (1996), which provides in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This provision entitles federal courts acting within their jurisdiction to interpret the law independently, but requires them to refrain from "fine tuning" state

2

court interpretations.  Lindh v. Murphy, 96 F.3d 856, 870-77 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997).  "Thus, although this court reviews the state court's legal conclusions and mixed questions of law and fact de novo, that review is 'tempered by AEDPA's deferential constraints.'" Hereford v. McCaughtry, 101 F.Supp.2d 742, 746 (E.D. Wis. 2000) (quoting Sanchez v. Gilmore, 189 F.3d 619, 623 [7th Cir. 1999]).

A state court's decision is "contrary to . . . clearly established Federal law as established by the United States Supreme Court" if it is "substantially different from relevant [Supreme Court] precedent." Washington v. Smith, 219 F.3d 620, 628 (7th Cir. 2000) (quoting Williams v. Taylor, 120 S. Ct. 1495, 1519 [2000]).  The Court of Appeals for the Seventh Circuit recognized the narrow application of the "contrary to" clause:

> under the "contrary to" clause of § 2254(d)(1), [a court] could grant a writ of habeas corpus . . . where the state court applied a rule that contradicts the governing law as expounded in Supreme Court cases or where the state court confronts facts materially indistinguishable from a Supreme Court case and nevertheless arrives at a different result.

Washington, 219 F.3d at 628.  The court went on to explain that the "unreasonable application of" clause was broader and "allows a federal habeas court to grant habeas relief whenever the state court 'unreasonably applied [a clearly established] principle to the facts of the prisoner's case.'" Id. (quoting Williams, 120 S. Ct. at 1523).

To be unreasonable, a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." Hennon v. Cooper, 109 F.3d 330, 334 (7th Cir. 1997).  Under the "unreasonableness" standard, a state court's decision will stand "if it is one of several equally plausible outcomes." Hall v. Washington, 106 F.3d 742, 748-49 (7th Cir. 1997).  In Morgan v. Krenke, the court explained that:

3

> [u]nreasonableness is judged by an objective standard and under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

232 F.3d 562, 565-66 (7th Cir. 2000) (quoting Williams, 120 S.Ct. at 1522). Therefore, before a court may issue a writ of habeas corpus, it must determine that the state court decision was both incorrect and unreasonable. Washington, 219 F.3d at 628.

## **RELEVANT FACTUAL BACKGROUND**

On the morning of November 7, 2009, Officers Dwight Copeland and Angela Ware of the Milwaukee Police Department (MPD) responded to the report of a shooting near the 3300 block of West Hampton Avenue in Milwaukee, Wisconsin, a "high risk area" for "drug or gun related arrests." (Brief in Opposition to Petition for Writ of Habeas Corpus [Respondent's Brief], Exh. 4 [Wisconsin Court of Appeals Decision] at 2). Upon arrival, the officers saw a group of people, including the petitioner. The officers did not observe a shooting or hear shots fired. See Petitioner's Habeas Corpus Brief [Petitioner's Brief], Exh. 2 [Transcript of Wisconsin Circuit Court Suppression Motion Hearing] at 15. As they approached the group of people, they heard someone yell "they got a gun over there," while pointing in the petitioner's direction. (Respondent's Brief, Exh. 4. at 2). The officers did not have a description of the suspect and did not know the petitioner prior to the incident, but they were drawn to the petitioner because of the peculiar way his arms cradled something underneath his jacket. (Petitioner's Brief, Exh. 2 at 10-11). One of the petitioner's hands was underneath his jacket, and the other was outside "like he was cradling a child." (Respondent's Brief, Exh. 4. at 2).

4

Officer Copeland testified that the petitioner was looking around and the officer thought he was looking for a path to run. The officers stopped their squad car and exited with their guns drawn. When the officers asked the petitioner what he had in his arms, the petitioner responded, "I have a gun." Id. at 3. He then dropped a shotgun and ran. The officers apprehended the petitioner and placed him under arrest. Subsequently, the petitioner pled guilty to being a felon in possession of a firearm as a repeat offender. Wis. Stat. §§ 941.29 (2); 939.62(1)(b).

The petitioner filed a motion to suppress evidence, alleging that the police stop preceding his arrest violated the Fourth Amendment. The trial court held an evidentiary hearing and found that the officers had a reasonable suspicion of criminal activity. The trial court denied the petitioner's motion to suppress. The Wisconsin Court of Appeals affirmed the trial court decision to deny the motion. (Respondent's Brief, Exh. 4 at 4-5). On June 12, 2013, the Wisconsin Supreme Court denied the petition for review.

## **ANALYSIS**

The petitioner asserts that the Wisconsin Court of Appeals erred in affirming the denial of his motion to suppress. The petitioner alleges that the police officers lacked a reasonable suspicion when they stopped their police car in front of him and exited the car with their guns drawn. The petitioner also maintains that he did not have a full and fair opportunity to litigate his challenge in state court because the trial court and the court of appeals based its decision on the unconstitutional stop and "failed to apply the applicable law to the facts in [his] case." (Petitioner's Brief at 12).

The respondent asserts that the petitioner received a full and fair opportunity to litigate his Fourth Amendment challenge when the trial court held an evidentiary hearing

5

before denying his suppression motion. Thus, the respondent asserts that the petitioner is precluded from bringing a federal habeas corpus challenge. The respondent maintains that "[t]here is no indication that the state courts were 'careless of [the petitioner's] right to present his claim' and no evidence that the state judges were bribed, sleepwalking, or had their minds closed." (Respondent's Brief at 6). The respondent also states that the petitioner has failed to explain why he lacked a full and fair opportunity to litigate his Fourth Amendment challenge in state court.

As long as a petitioner seeking a writ of habeas corpus "enjoyed 'an opportunity for full and fair litigation of a Fourth Amendment claim' in state court, federal habeas review of the claim is barred." Miranda v. Leibach, 394 F.3d 984, 997 (7th Cir. 2005), (quoting Stone v. Powell, 428 U.S. 465, 481-82 [1976]). In Stone, the Supreme Court "limited the role of the federal courts in evaluating Fourth Amendment claims of state prisoners who, relying on the exclusionary rule, contend that allegedly unconstitutionally seized evidence should not have been used against them." Cabrera v. Hinsley, 324 F.3d 527, 530 (7th Cir. 2003).

The Court in Stone stated that the purpose of the exclusionary rule, which is to deter unlawful police conduct, would not be served by applying the rule in collateral attacks on criminal proceedings. The Court concluded that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that the evidence obtained in an unconstitutional search or seizure was introduced at trial." 428 U.S. at 495.

A petitioner has received an opportunity for full and fair litigation of a Fourth

Amendment claim when "(1) he clearly apprised the state court of his Fourth Amendment claim along with the factual basis for that claim, (2) the state court carefully and thoroughly analyzed the facts, and (3) the court applied the proper constitutional case to those facts." Liebach, 394 F.3d at 997; Pierson v. O'Leary, 959 F.2d 1385, 1391 (7th Cir. 1992). The third factor does not require that the state court resolved the claim *correctly*. Hampton v. Wyant, 296 F. 3d 560, 562 (7th Cir. 2002); see also, Cabrera, 324 U.S. at 531. The requirement for a full and fair hearing applies at both the trial court level, as well as on direct review of the petitioner's conviction. Id. (citing Stone, 428 U.S. at 489).

The petitioner asserts that the Wisconsin state courts incorrectly applied the law to the facts of this case. The Milwaukee County Circuit Court conducted a suppression hearing where both the state and the petitioner had the opportunity to call and cross-examine witnesses. The state called the only witness, Officer Dwight Copeland, one of the two officers who was present at the scene. Officer Copeland described in detail the events that led to the stop of the petitioner, including his and Officer Ware's dispatch to a report of a shooting, the way the petitioner placed his hands in his jacket and cradled "something," and someone calling out that there was a gun while pointing in the petitioner's direction. (Respondent's Brief, Exh. 4 at 2). The petitioner's counsel had ample opportunity to further explore the issues by asking follow-up questions regarding what the officer observed or calling other witnesses to testify regarding the stop. The trial court considered all of the facts and concluded that the investigatory stop was reasonable.

The Wisconsin Court of Appeals affirmed the trial court's decision. In upholding the denial of the motion to suppress, the court weighed several factors and determined

that there was reasonable cause for the stop. A brief, investigatory stop that demands only a limited intrusion into an individual's privacy is permitted under the Constitution when it is based upon "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry v. Ohio, 392 U.S. 1, 21 (1868). The court of appeals stated:

> Based on the testimony from the trial court hearing, the Circuit Court found:
> - the officers were sent to a shooting in a "high risk area";
> - when police arrived, they noticed [the petitioner] "because of the way he was holding or cradling something"; "because of the jacket and the placement of his hands"; and because "he looked like he planned to run";
> - "someone called out that there was a gun"
> - when the police asked [the petitioner] "What [do] you got," [the petitioner] answered "'A gun,' and dropped it."
>
> These findings are supported by the testimony at the suppression hearing and are therefore not clearly erroneous. Based on these findings, the circuit court ruled "the officer had a reasonable suspicion" to stop and question Williams. We agree. *See* **Illinois v. Wardlow**, 528 U.S. 119, 124 (2000) ("[T]he fact that the stop occurred in a 'high crime area' [is] among the relevant contextual considerations in a **Terry** analysis.") ("[N]ervous, evasive behavior is a pertinent factor in determining reasonable suspicion.").

(Respondent's Brief, Exh. 4 at 4-5).

Contrary to the petitioner's assertions, the Wisconsin state courts properly applied the relevant case law to the facts. At the suppression hearing, Officer Copeland explained in great detail why he stopped the petitioner. The Wisconsin Court of Appeals laid out Officer Copeland's testimony and the pertinent, articulable facts of the case supporting reasonable suspicion. Thus, the petitioner was afforded a full and fair opportunity to litigate his Fourth Amendment claim. Therefore, his petition for a writ of habeas corpus will be denied.

8

# CERTIFICATE OF APPEALABILITY

Finally, in accordance with Rule 11 of the Rules Governing Section 2254 Cases as amended, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the application." "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 and n. 4 [1983]).

In this case, reasonable jurists would not find the court's decision to deny the petition debatable. Thus, the court will deny a certificate of appealability as to all of the petitioner's claims.

# ORDER

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's petition for a writ of habeas corpus be and hereby is **denied**.

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed**.

**IT IS ALSO ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 6th day of August, 2014

                BY THE COURT:

                s/ Patricia J. Gorence
                PATRICIA J. GORENCE
                United States Magistrate Judge